IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THEODORE WAGNER, 98565071,<br>        Petitioner, | )<br>)<br>) |
| v. | )    No. 3:10-CV-2468-K<br>) |
| WARDEN MAUREEN CRUZ, ET AL.,<br>        Respondents. | )<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

Petitioner states he filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate in the Seagoville Federal Corrections Institution. Respondents are Warden Maureen Cruz, President Barack Obama, Department of Justice Director Cee Cee Allaway and United Nations Secretary General Ban Ki-moon. No process has issued in this case.

Court records indicate that Petitioner has abused the federal judicial system. The United States Supreme Court has sanction Petitioner in *In re Wagner*, No. 09-7961 (Jan. 11, 2010). The Supreme Court ordered that Petitioner may not proceed in any noncriminal matters in its Court without prepayment of the filing fee.

This Court applies the sanctions of other federal courts. *See Dominguez v. Scott*, No. 00-40031, 2001 WL 872771 at *2 (5th Cir. Jul. 5, 2001) (stating federal district courts may apply sanction orders from other federal district courts); *Spearman v. Fulbruge*, No. 3:07-CV-1945-B, 2008 WL 89515 at *2 (N.D. Tex. Jan. 7, 2008) (stating this Court observes and enforces sanctions imposed by the Fifth Circuit Court of Appeals); *Risby v. Federal Bureau of Prisons*, No. 3:10-CV-1117-M, 210 WL 4867584 at *3 (N.D. Tex. Oct. 28, 2010) (applying sanction orders from Court of Federal Claims and Bankruptcy Courts). Petitioner has failed to comply with the Supreme Court's sanctions because he has not prepaid the filing fee in this case. The petition should therefore be dismissed without prejudice.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss the petition without prejudice.

Signed this 20th day of April, 2011.

                                  PAUL D. STICKNEY
                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).